ORDER
This matter is before the court on Defendant's motion for partial summary judgment (motion) "regarding plaintiffs' duty to uniformly and consistently report business income to Multistate Tax Compact states that have adopted the UDITPA[1] `business income' definition." (Def s Mot at 1.) Plaintiff opposes the motion. Oral argument was heard in the courtroom of the Oregon Tax Court November 4, 2009. Defendant was represented by Marilyn J. Harbur, Senior Assistant Attorney General, and Darren Weirnick, Assistant Attorney General, State of Oregon. Plaintiff was represented by John H. Gadon, Attorney at Law, Lane Powell PC.
 I. INTRODUCTION
As related to the motion, the underlying substantive issue is whether certain gains from the sale of stock and other corporate assets primarily in tax years ending May 31, 1999, and May 31, 2000, constitute business or nonbusiness income for purposes of Oregon's corporation excise tax. Defendant's motion seeks an order from the court declaring: (1) that Plaintiffs violated a duty of consistent or uniform reporting of income under the provisions of UDITPA, codified in ORS 314.605 to ORS 314.675, and corresponding administrative rules; and (2) that *Page 2 
Plaintiffs are estopped from claiming the gains as nonbusiness income on their Oregon returns, or introducing evidence in support of their claim that such gains are nonbusiness income where Plaintiffs have reported the gains as business income to their domiciliary state of California. (Def s Mot at 1-2.) Plaintiffs insist that Defendant's motion should be denied because it is not supported by any material fact, and requests that the court enforce a "duty" that does not exist. For the reasons set forth below, the court concludes Defendant's motion should be denied.
 II. THE PARTIES' POSITIONS
A. Duty of Uniform Reporting
Defendant asserts that UDITPA is premised on "the goal of uniformity amongst the states in apportioning income," arguing that under Oregon's UDITPA provisions, specifically ORS 314.605(2), "ORS 314.610 * * * shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." (Def s Mot at 3.) Defendant insists that Oregon and California have nearly identical definitions of "business income" and that the minor differences in the two states' definitions are immaterial. (Def s Mot at 3; Def s Reply to Ptfs' Resp in Opp to Def s Mot for Partial Summ J (Reply) at 2.)
Defendant notes that the Oregon Supreme Court has recognized that uniformity is to be considered in construing the provisions of UDITPA.Atlantic Richfield Co. v. Dept. of Rev., 300 Or 637, 641, 717 P2d 613
(1986); Twentieth Century-Fox Film v. Dept. of Rev., 299 Or 220, 227,700 P2d 1035 (1985). (Def s Mot at 3.) Furthermore, Defendant notes that Oregon joined the Multistate Tax Compact, the purpose of which is to promote uniformity and ease of administration and to avoid duplicative taxation. ORS 305.655, Art I. See also Hellerstein and Hellerstein, 1State Taxation ¶ 9.05[1][a] at 9-28, n 89 (3rd ed 2000). (Def s Mot at 3.) *Page 3 
Defendant argues that taxpayers "thwart the goal of uniformity if they take inconsistent positions as to identical items of income in the same tax year." (Def's Mot at 4.)
Not surprisingly, Plaintiffs disagree with Defendant's uniformity arguments and conclusions. Plaintiffs contend that "California and Oregon law differ in material respects with respect to what is considered business and nonbusiness income." (Ptfs' Resp in Opposition to Def's Mot for Partial Summ J (Response) at 4.) Plaintiffs further argue that Defendant fails to recognize that different interpretations of state laws may render income as business income in one jurisdiction and nonbusiness income in another. (Id.) Plaintiffs insist that, owing to the differences in state law, their method of reporting the sale of stock under California law does not inform, much less control, the question of how they should be treated under Oregon law. (Id. at 2.)
Counsel for Defendant next argues that the Oregon Department of Revenue (the department) has an administrative rule — OAR 150-314.615-(A) — requiring disclosure by the taxpayer in its Oregon return in cases where the taxpayer files returns in multiple states under the Multistate Tax Compact or UDITPA, and does not uniformly classify income as business or nonbusiness, and that Plaintiffs in this case failed to comply with the rule by not disclosing on their Oregon returns the differential treatment of the disputed gains. (Def's Mot at 4.) Defendant insists that the OAR prescribes a duty of consistency, and that Plaintiffs violated that duty by reporting the income at issue as business income in California and nonbusiness income in Oregon.
Plaintiffs dismiss Defendant's reliance on the OAR as misplaced, noting that Defendant has not cited any case regarding application of the rule, and that the rule cannot be relevant or valid "where the taxpayer has reported its income in other jurisdictions in a manner consistent *Page 4 
with the laws of those jurisdictions." (Ptfs' Resp at 5.) Additionally, Plaintiffs contend they disclosed the inconsistent treatment to a department employee (Shirley S. Yee (Yee)). (Id.)
B. Estoppel
Defendant also argues that Plaintiffs are estopped from claiming that the gains are nonbusiness income. (Def's Mot at 4.) Defendant insists that courts recognize a duty of consistency or quasi-estoppel in federal income tax cases to compel consistent treatment of a tax item with the taxpayer's treatment of that item in a year barred by the statute of limitations when there is no doubt concerning its correct treatment. (Def's Mot at 4, citing 15 Mertens Law of Federal Income Taxation § 60:05.) Defendant notes that the duty serves the purpose of preventing an equitable shifting of positions by taxpayers. (Id. at 5, citing Estate ofAshman v. Commissioner, 231 F3d 541, 544 (9th Cir 2000).) Defendant urges the court for an extension of the Ashman rationale in this case. Although it acknowledges there is no case directly on point, Defendant has asked the court to fashion an equitable doctrine to achieve the goal of uniformity. (Id.) Accordingly, Defendant "requests this court to apply a duty of uniform reporting in UDITPA cases similar to the duty of consistency that applies in federal income tax cases." (Id.)
Plaintiffs vehemently oppose Defendant's request, arguing that the duty of consistency Defendant seeks has only been applied in "federal tax cases where a taxpayer had attempted to change its federal tax reporting position with respect to a particular item from one year to the next after the statute of limitations for assessment of federal income tax for the earlier year is closed." (Ptfs' Resp at 3.) (emphasis omitted). Plaintiffs assert that all three cases cited by Defendant in support of its quest for a judicially mandated doctrine requiring consistency in reporting on a theory of quasi-estoppel are distinguishable because they involve attempts by a *Page 5 
taxpayer to change its treatment of an item from one year to another on its federal tax returns. (Id.)
 III. ANALYSIS
What Defendant seeks is for the court to fashion an equitable doctrine to achieve the goal of uniformity. (Def's Mot at 5.) It is not entirely clear how such a doctrine would operate, but it would apparently be aimed at achieving uniformity and consistency in the reporting of business income in states that have adopted the UDITPA business income definition. Defendant acknowledges that no clear precedent exists and that this would be "a decision of first impression in the UDITPA states." (Def's Reply at 5.) The court declines Defendant's invitation to declare the equitable doctrine it seeks. The court is not opposed to fairness and equity. In fact, it embraces those principles, but only as shaped and informed by the law, and where the result would, in fact, be fair and equitable.
The court agrees that UDITPA is premised on a goal of uniformity, and that the Oregon Supreme Court has sanctioned consideration of uniformity in the cases cited by Defendant. Further, the Multistate Tax Compact is intended to promote uniformity. However, aspirational goals and "consideration" of such goals represent matters of policy, not law. As to the question of whether California and Oregon have identical (or nearly identical) definitions of business income, that is a matter better left for another day. Moreover, regardless of whether the two states' definitions of business income are essentially identical, there are practical reasons that militate against granting the relief Defendant seeks.
A favorable ruling for Defendant would require the court to become an expert in the laws of 49 other states as they pertain to the definition of business and nonbusiness income, not only as set forth in the various states' statutes, but as those statutes are refined and clarified by years *Page 6 
of judicial opinions. Moreover, the whole notion of federalism and state's rights would be compromised. As Plaintiffs note in their brief, "[t]he right of each state to have its own tax laws and interpret them in its own fashion is fundamental to our federal system of government." (Ptfs' Resp at 4.) According to information in a Declaration Plaintiff submitted with their Response brief, "Congress considered at one point imposing uniformity in corporate taxation on the states pursuant to its power under the interstate commerce clause of the Constitution, [but] it chose not to do so." (Ptfs' Resp at 4-5, citing Decl of W. Val Oveson at 3-4, ¶¶ 12-13.[2])
As to Defendant's assertion that Plaintiffs thwart the goal of uniformity, that is a question of law and fact particular to each case, which is why courts hold trials and receive evidence. (Def's Mot at 4.) Imposing the type of judicially fashioned doctrine Defendant urges would produce illogical and unworkable results.
For example, suppose a taxpayer reports an item of income as nonbusiness income in one state and business income in another, and that one of those states is Oregon. Which state's reporting would govern in determining how the income should be characterized for purposes of Oregon's tax' This case is a prime example. Plaintiffs reported certain income as business income in California and nonbusiness income in Oregon. Why should Plaintiffs' characterization of the income on its California return dictate how the income should be reported in Oregon' Perhaps the income should be reported as nonbusiness income in California, which would also produce the uniformity and consistency Defendant seeks. Ultimately, the question of *Page 7 
whether an item of income is business or nonbusiness must be governed by Oregon law, not by some judicially declared doctrine that may pervert the law in a given situation.
If the court were to rule favorably on Defendant's motion, the result would be a ruling mandating that Plaintiffs' characterization of the income in another state (California) controls how that income is reported in Oregon for purposes of this state's tax. An obvious question raised by that outcome is whether Oregon will accept in all cases a taxpayer's characterization of an item of income in another state as controlling in Oregon, including situations where the department felt that a "correct" application of the law dictated a contrary result. Defendant was unable to offer a clear answer to the question when queried by the court during oral argument. The court believes that would be an unlikely outcome. More likely is the prospect that the Department would review these matters on a case by case basis, and declare what it believes to be the correct result based on its interpretation of Oregon law.
A similar situation that could arise is one where a taxpayer reports one or more items of income consistently in Oregon and another state and the department believes that the income should be recharacterized. If the court established the doctrine Defendant seeks, the taxpayer could simply assert that it complied with Oregon's judicially imposed duty of uniformity and consistent reporting, and such an assertion would seem to preclude the department from recharacterizing the disputed income, unless resorting to ORS 314.670[3] (a statute that allows a taxpayer to request, or the department to require, an alternative method of accounting to achieve an equitable result) could rectify the matter in a particular case. The court further questions whether imposing a rule or doctrine mandating uniformity and consistency in reporting income would bring into question the validity or application of ORS 314.670. *Page 8 
The court also rejects Defendant's position on the practical implications of violating OAR 150-314.615-(A). From the information before it, it does appear that Plaintiffs did not comply with the intent of the rule because they did not disclose the difference in the treatment of the disputed income on their Oregon return, but rather waited until the matter was under review by the department before revealing that information to Yee. However, there are no legal sanctions for untimely disclosure.
Finally, estoppel based on what Defendant alleges is a duty of consistent reporting is, as Plaintiffs assert, inapplicable to state tax cases involving the same tax year, for the reasons put forth by Plaintiffs in their Response. The court is not inclined to plow new ground in this case.
 IV. CONCLUSION
For the foregoing reasons, the court concludes that Defendant's request for partial summary judgment must be denied.
Now, therefore,
IT IS ORDERED that Defendant's Motion for Partial Summary Judgment Regarding Plaintiffs' Duty of Uniform Reporting Under UDITPA is denied.
Dated this ______ day of February 2010.
This interim order may not be appealed. Any claim of error in regard tothis order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
 This document was signed by Magistrate Dan Robinson on February 11,2010.
[1] UDITPA stands for Uniform Division of Income for Tax Purposes Act.
[2] Oveson is a Certified Public Accountant (CPA) who was Chairman of the Utah State Tax Commission from 1993 to 1998, a national Taxpayer Advocate for the IRS from 1998 to 2000, after which he became the Managing Director of PricewaterhouseCoopers, LLP, from 2000 to 2002, where he practiced in multistate tax. Oveson was also Lieutenant Governor for the State of Utah, the Utah Chief Information Officer, and Utah State Auditor. Additionally, Oveson was involved for many years with various professional organizations devoted to tax matters, and served as a director and/or officer of the Multistate Tax Commission from 1993 to 1998. (Decl of W. Val Oveson at 2-3, ¶¶ 2-7, 11.)
[3] All references to the Oregon Revised Statutes (ORS) are to 1997.